UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JED ENGELS,

                        Plaintiff,

    v.                                              7:09-CV-785

VILLAGE OF POTSDAM, et al.

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Plaintiff commenced the instant action arising out of the taking of his property by the Village of Potsdam. Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12.

       The Complaint concerns certain real property owned in the Village of Potsdam. On September 18, 1998, several buildings located in the area of 53 Market Street were damaged by fire. It was determined that the fire caused damage to the structure of the buildings, requiring that they be repaired. Plaintiff purchased the building located at 53 Market Street. In December 1999, the Village commenced proceedings to declare 53 Market Street unsafe and a public nuisance and sought an order directing that the building be repaired and secured. Plaintiff defaulted and an order was entered on January 14, 2000 directing Plaintiff to secure and repair the building.[1] Plaintiff appealed the order, but failed to perfect it, thereby resulting in dismissal of the appeal. Thereafter, the Village moved to force

---

[1] The Court takes judicial notice of the state court proceedings.

Plaintiff to comply with the January 14 order. Plaintiff was found to be in contempt of the state court's order.

On November 29, 2000, the Village filed a petition in the New York State Supreme Court seeking an order granting it authority to acquire the property via eminent domain. On January 22, 2001, the state court issued an order authorizing the taking upon the filing of an acquisition map. Plaintiff appealed. The Appellate Division, Third Department affirmed the lower court's ruling. See Engels v. Village of Potsdam, 285 A.D.2d 699 (3d Dep't 2001). On July 16, 2001, the New York State Supreme Court issued an order authorizing the taking.

Plaintiff then commenced the instant action asserting claims for "Freedom of Property," violations of his due process rights, discrimination, and the taking of property without just compensation.

All of Plaintiff's claims arise out of the taking of his property at 53 Market Street by the Village. The state court order approving the acquisition of the property was issued in July 2001. Thereafter, Plaintiff was afforded until August 15, 2004 to file a written claim for compensation. Plaintiff did not file a claim or take any further action until the filing of this case. Plaintiff knew, or reasonably should have known, as of August 2004 of any injury he sustained as a result of the Village's actions.[2] Because Plaintiff did not commence the instant action until 2009, it is time-barred by the three year statute of limitations that applies to claims pursuant to 42 U.S.C. § 1983. See Cloverlead Realty of New York, Inc. v. Town of

---

[2] As the Appellate Division, Third Department noted, "[i]n the matter before us, the bulk of petitioner's objections relate to the amount of compensation he is to receive for the property, a matter over which Supreme Court has exclusive original jurisdiction and which petitioner himself acknowledges he is currently contesting in a separate proceeding in that forum." Engels, 285 A.D.2d at 699. This demonstrates that, as of July 2001, Plaintiff was aware of the issue concerning just compensation and his need to contest the issue in court.

Wawayanda, 572 F.3d 93, 94 (2d Cir. 2009).  The facts of this case present no grounds for application of the doctrines of equitable tolling or a continuing violation.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED.  Plaintiff's motion to add New York State Supreme Court Justice David Demarest as a Defendant is DENIED as both moot and futile.

IT IS SO ORDERED.

Dated:September 10, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge