UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JED ENGELS,

                          Plaintiff,

      v.                                      7:09-CV-785

VILLAGE OF POTSDAM, et al.

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      By Decision & Order dated September 22, 2009, the Court granted Defendants' motion to dismiss the Complaint in its entirety on the ground that the claims were untimely. Plaintiff now moves for reconsideration.

      "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000)(To sustain a motion for reconsideration, Petitioner " 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.' ")(quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998).

Nothing in Plaintiff's motion for reconsideration addresses the untimeliness of his claims. Plaintiff's claim of retaliation is not found in his Complaint, is an issue that could have been raised in opposition to Defendants' motion to dismiss, and, in any event, would similarly appear to be time barred.[1] Nothing else in Plaintiff's motion satisfies the standard for reconsideration. Accordingly, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: September 24, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Plaintiff asserts that he "underwent retaliation on behalf of the Village of Potsdam when quest was made in regard to receiving just compensation. Plaintiff's water supply was wrongfully terminated in winter months. . . ."